1   Harry Shulman, Esq.  (SBN 209908)
    THE MILLS LAW FIRM
2   145 Marina Boulevard
    San Rafael, California 94901
3   Telephone:    (415) 455-1326
    Facsimile:    (415) 455-1327
4   harry@millslawfirm.com

5

6   ***Counsel for Plaintiffs and the Proposed Class***

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  ────────────────────────────────
                                        )
12                                      )
    LISA M. SURDAM, on behalf of herself  )
13  and all other similarly situated California  )    Case No.
    residents,                           )
14                                      )        **'08 CV 0197 H POR**
                                        )
15                  Plaintiff,          )    **CLASS ACTION COMPLAINT**
                                        )
16           v.                          )    **JURY TRIAL DEMANDED**
                                        )
17  TOSHIBA AMERICA CONSUMER            )
    PRODUCTS, LLC, AND DOES 1-10         )
18                                      )
                                        )
19                  Defendants.         )
    ────────────────────────────────────

20

21         LISA M. SURDAM, on behalf of herself and a proposed class of similarly situated

22  California residents, complains as follows:

23                    **I. SUMMARY OF COMPLAINT**

24

25         1.    Plaintiff Lisa Surdam brings this action on behalf of herself and a class of similarly

26  situated California consumers (the "Class," defined in ¶13, below).  Ms. Surdam seeks restitution

27  and recovery of damages caused by defects in the high intensity discharge lamps ("the Lamps")

28

CLASS ACTION COMPLAINT                                                              - 1 -

1    which illuminate 2005 model year Toshiba DLP high definition televisions ("HDTV"). Toshiba

2    represented – and continues to represent - to consumers that these lamps would last 6-8,000 hours.

3    In fact, they have not lasted nearly this long. Toshiba itself has acknowledged that the lamp life in

4    these HDTVs "may be less than our expectation." Notwithstanding this acknowledgement,

5    however, Toshiba has failed and refused to provide defect-free replacement lamps to all purchasers

6    of these HDTVs, making necessary the present lawsuit.

7

8

9                                      **II. PARTIES**

10

11        2.    Plaintiff Lisa Surdam is a resident of Escondido, California, in San Diego County. On

12    January 9, 2006, she purchased a Toshiba 72HM195 DLP rear projection television ("the TV")

13    from Buydig.com, of Edison, New Jersey. The TV was delivered to her home in Escondido. It has

14    suffered numerous failures in the two years she has owned it, including but not limited to four

15    Lamp failures.

16        3.    Defendant Toshiba America Consumer Products, LLC ("TACP") is a New Jersey

17    limited liability company with its principal place of business in Wayne, New Jersey. TACP

18    manufactured and/or marketed the HDTVs at issue in this case. TACP also expressly warranted

19    the HDTVs at issue in this case.

20

21        4.    The true names and capacities, whether individual, associate, corporate or otherwise

22    of defendants sued herein as Does 1 to 10, inclusive, are unknown to plaintiff, who therefore sue

23    these defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges,

24    that the defendants sued herein as "Does" are legally and/or equitably culpable and liable for the

25    actions complained of herein. Plaintiff will seek leave of court to amend this complaint to allege

26    the Does true names and capacities when the names and capacities have been ascertained.

27

28

CLASS ACTION COMPLAINT                                                              - 2 -

5.     At all times herein mentioned, plaintiff is informed and believes, and upon such basis alleges, that Does 1 to 10, inclusive, were the agents, servants and/or employees of TACP, and at all times herein mentioned were acting within the course and scope of their agency and employment, and that acts of each of the defendants were ratified by the others.

## III.  JURISDICTION AND VENUE

6.     This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action whereby: (i) the proposed class consists of over 100 or more members; (ii) at least some of the members of the proposed class, including Ms. Surdam, have a different citizenship from defendants; and (iii) the claims of the proposed class exceed $5,000,000.00 in the aggregate.

7.     Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and TACP is subject to personal jurisdiction in this district.

## IV.  GENERAL ALLEGATIONS

8.     The DLP HDTVs at issue use a high intensity discharge lamp as a light source. TACP identifies the specific lamp used in Ms. Surdam's TV as "D95-LMP." The D95-LMP contains electrodes which excite mercury vapor into a very bright and hot plasma state. The light is projected onto a digital light processor which contains active mirrors and an active color wheel. The DLP emits red-green-blue light that is modulated on a pixel by pixel basis and projected onto the television screen. Use of the TV requires a functioning and reliable lamp; if the lamp burns out, the television produces no image whatsoever. If the lamp darkens, usually as a result of

1  splattering of ignition materials onto the inside of the bulb, the television picture correspondingly

2  darkens.

3      9.    In its operating instructions and marketing materials, Toshiba represented that the

4  Lamp would last approximately 6,000 hours in the "High Bright" mode, and 8,000 hours in the

5
   "Low Power" mode, before replacement would be necessary.
6
7      10.   In fact, the Lamps have lasted a significantly shorter period of time. Ms. Surdam,

8  who has owned her TV for only two years, has already had to replace the Lamp four times. The

9  internet is alive with similar complaints of unexpectedly short Lamp life.

10     11.   TACP responded to these complaints by extending the warranty for the Lamps from

11 one to two years for some, but not all, of its 2005 DLP HDTVs. TACP has not, however, made

12 any effort to replace all of the defective Lamps, nor to provide a remedy to persons whose

13
   watching patterns make it likely that their defective Lamps will fail more than two years after
14
15 purchase, nor to provide a remedy to persons like Ms. Surdam who have had serial Lamp failures.

16     12.   The HDTVs at issue are expensive. Ms. Surdam paid approximately $4,000 for her

17 HDTV. Buyers of a $2,000+ televisions should get a television which provides years of worry-free

18 service. In fact, thousands of Toshiba DLP HDTV buyers have had precisely the opposite

19
   experience. Consumers of Toshiba DLP HDTVs who have suffered Lamp failures, along with
20
21 consumers who have purchased these televisions and are aware of the proclivity of lamp failure but

22 have not yet suffered it, watch their televisions with a nagging worry that the sets could fail at any

23 time, and be out of service for days, weeks, or like Ms. Surdam, months. Toshiba benefits from

24 these fears by advertising to consumers that they should purchase spare lamps to guard against

25 lamp failure at critical times, such as the Super Bowl.

26

27

28

CLASS ACTION COMPLAINT                                                              - 4 -

## V.  CLASS ACTION ALLEGATIONS

13.    Plaintiff brings this action on behalf of herself and all others similarly situated pursuant Federal Rule of Civil Procedure 23.  The class is defined as:

> All California residents who purchased a 2005 model year Toshiba DLP HDTV for purposes other than resale.

14.    The proposed class is so numerous and so geographically dispersed that the individual joinder of all absent class members is impracticable. While the exact number of absent class members is unknown to plaintiff at this time, plaintiff, upon information and belief, alleges that in excess of one thousand persons fall within the proposed class definitions. The requirement of numerosity is therefore satisfied.

15.    Common questions of law or fact exist as to all proposed class members and predominate over any questions which affect only individual members of the proposed class. These common questions of law or fact include, but are not limited to:

    a.   Whether the Lamps in model year 2005 Toshiba DLP HDTVs are defective;

    b.   Whether the Lamps in model year 2005 Toshiba DLP HDTVs are merchantable;

    c.   Whether TACP cured the Lamp defect within the warranty period;

    d.   Whether the Lamps in model year 2005 Toshiba DLP HDTVs conformed to TACP's representation that they would last 6,000 hours in the "Hi Power" mode, or 8,000 hours in the "Low Power" mode; and

    e.   Whether, and if so, when, TACP knew of the non-conformity of the Lamps in its model year 2005 DLP HDTVs.

16.    Ms. Surdam's claims are typical of the claims of the class. She purchased a DLP HDTV that was manufactured and/or marketed by TACP.  TACP represented that her TV, as well as the TVs of all class members, had a lamp that would last 6-8,000 hours depending on the setting.

CLASS ACTION COMPLAINT                                                                              - 5 -

17.    Ms. Surdam will fairly and adequately represent the interests of the members of the class. She has no interest adverse to the interests of the members of the class. She has retained competent attorneys who have experience in class action litigation, and specific experience with consumer class actions based on defective HDTV lamps.

18.    A class action is a superior method for the fair and efficient adjudication of this controversy. The adjudication of a separate action by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class. Upon information and belief, TACP's 2005 HDTVs have been purchased by thousands of California residents and there is no practical alternative for the adjudication of this magnitude of claims other than by class action.

19.    Questions of law or fact common to the members of the class predominate over any questions affecting only individual members. There is no special interest in the members of the class individually controlling the prosecution of separate actions; the damages sustained by individual class members is relatively small; and the expense and burden of individual litigation make it impossible for the class members individually to address the wrongs done to them.

20.    Management of this lawsuit as a class action will not pose any unusual difficulties beyond those ordinarily confronted in complex civil litigation and other class actions. Evidence relating to TACP's defective lamps will be applicable to all members of the class; and there are accepted means for notifying class members who purchased the HDTVs in question.

//

# VI.    CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Breach of Express Warranty)

21.    Plaintiff incorporates the foregoing allegations as if fully set forth in this claim for relief.

22.    TACP expressly warranted that Ms. Surdam's and class members DLP HDTV's against defects in materials or workmanship for a period of one year.

23.    At the time TACP sold the DLP HDTV's, they were not free of defects in materials and workmanship. To the contrary, the Lamps were defective. TACP accordingly breached the terms of its express warranty.

24.    This defect existed during the warranty period, but TACP has not yet fixed it for all consumers.

25.    Plaintiff and class members have been damaged by TACP's breach of express warranty, in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF

### (Breach of Implied Warranty of Merchantability - Cal. Civ. Code §1792, Cal. Com Code §2314)

26.    Plaintiff incorporates the foregoing allegations as if fully set forth in this claim for relief.

27.    TACP impliedly warranted that all modely year 2005 DLP HDTVs were merchantable. In so doing, it warranted that all of these televisions:  a) were fit for the ordinary purposes that televisions are used; and b) conformed to the promises or affirmations of fact made in the operating instructions.

CLASS ACTION COMPLAINT                                                            - 7 -

28.    TACP breached the implied warranty, and did not cure this breach during the implied warranty period, by selling televisions that were not fit for the ordinary purposes for which televisions are used, and did not conform to the affirmations of fact made in the operating instructions.

29.    Plaintiff gave TACP notice and an opportunity to cure this breach for herself and for the class, but it did not do so.

30.    As a result of TACP's breach of implied warranty, plaintiff and the class have suffered damages in an amount to be proved at trial.

**THIRD CLAIM FOR RELIEF**

**(Damages for Violation of**

**Consumers Legal Remedies Act. Civ. Code §1770(a)(5) and (a)(14))**

31.    Plaintiff incorporates the foregoing allegations as if fully set forth in this claim for relief.

32.    TACP committed unfair and deceptive acts, in violation of Civ. Code §1770(a)(5) and (a)(14), by selling the DLP HDTVs with misleading statements regarding the expected life of the Lamp.

33.    On November 13, 2007, plaintiff gave TACP notice pursuant to Civ. Code §1782, demanding that it compensate plaintiff and class members for the losses caused thereby.  TACP has not done so.

34.    As a result of TACP's unfair and deceptive practices, plaintiff and the class have suffered damages in an amount to be proved at trial.

CLASS ACTION COMPLAINT                                                                      - 8 -

## FOURTH CLAIM FOR RELIEF

### (Unfair Business Practices; Cal. Bus. & Prof. Code §17200)

35.   Plaintiff incorporates the foregoing allegations as if fully set forth in this claim for relief.

36.   California Business & Professions Code section 17200 *et seq*. ("the Unfair Competition Law") prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising" as that term is used in Business and Professions Code section 17500.

37.   Plaintiff and the class have incurred actual injury, in that they have significantly overpaid for the DLP HDTVs as a result of defendants unfair business practices.

38.   TACP committed an illegal business practice when it represented that its Lamps would last 6-8,000 hours, when in fact they would not last that long, in violation of Civ. Code §1770(a)(5) and (a)(14).

39.   TACP committed an unfair business practice when it represented that its Lamps would last 6-8,000 hours, when in fact they would not last that long.  The burden on consumers outweighs any purported legitimate benefit to TACP.  Moreover, the false representations are contrary to public policy or are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

40.   TACP committed a fraudulent business practice when it represented that its Lamps would last 6-8,000 hours, when if fact it knew they would not last that long.  Indeed, TACP continues to make that misrepresentation today.  This representation was reasonably likely to mislead consumers as to the actual life of the Lamp.

1

**PRAYER FOR RELIEF**

2

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the Class, pray for relief as

3

follows:

4
5

    1. For an order certifying the Class and appointing Plaintiffs and their counsel to

6

       represent the Class;

7

    2. For an order awarding Plaintiffs and the Class actual, compensatory, statutory and

8

       punitive damages, together with pre-judgment and post-judgment interest thereon;

9

    3. For an order awarding Plaintiffs and Class Members restitution of all monies paid to

10

       Defendants as a result of Defendant's false representations;

11

    4. For an order preliminarily and permanently enjoining Defendants from continuing

12
13

       these false representations; and

14

    5. For an order awarding such other and further relief as this Court may deem just and

15

       proper.

16

17

**JURY TRIAL DEMANDED**

18

For all Counts in this Complaint, Plaintiff seeks a jury trial for all appropriate issues.

19

20

Dated:  January 31, 2008              Respectfully submitted,

21

22

By: _____

23

Harry Shulman, Esq.  (209908)
THE MILLS LAW FIRM

24

145 Marina Boulevard
San Rafael, California 94901

25

Telephone:    (415) 455-1326
Facsimile:     (415) 455-1327

26

harry@themillslawfirm.com

27

28

CLASS ACTION COMPLAINT                         - 10 -

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LISA M. SURDAM, on behalf of herself and all other similarly situated California residents | TOSHIBA AMERICA CONSUMER PRODUCTS, LLC, et al. |

**(b)** County of Residence of First Listed Plaintiff   San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Passaic, NJ
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Harry Shulman, The Mills Law Firm, 145 Marina Blvd., San Rafael, CA 94901, Telephone (415) 455-1326

Attorneys (If Known)
Greenberg Traurig
200 Park Avenue, Florham Park, NJ 07932

FILED
2008 FEB -1 PM 12:39
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 0197 H PUT POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☒ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332(d)
Brief description of cause:
Misrepresentation as to expected life of HDTV lamps

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ TBD
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
01/31/2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 147741    AMOUNT 350.    APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____
2/1/08 jm

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 147141    — SR**

**February 01, 2008
12:37:07**

**Civ Fil Non-Pris**
USAO #.: 08CV0197 CIV. FIL.
Judge..: MARILYN L HUFF
Amount.:                    $350.00 CK
Check#.: BC#3353

**Total—>  $350.00**

FROM: SURDAM V. TOSHIBA AMERICA , ET
      CIVIL FILING